Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| Evertec Group, LLC Evertec, Inc.<br><br>Apelante<br><br>vs.<br><br>Mapfre Praico Insurance Company Aon Risk Solutions of Puerto Rico, Inc.<br><br>Apelada | KLAN202301031 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2019CV09827<br><br>Sobre: Sentencia Declaratoria; Incumplimiento Contractual; Daños y Perjuicios; Actos Propios |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de enero de 2024.

Comparecen ante nos, Evertec Group, LLC y Evertec, Inc. (en conjunto, Evertec o parte apelante), quienes presentan recurso de "Apelación" en el que solicitan la revocación de la "Sentencia Parcial" emitida el 8 de septiembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró Ha Lugar la petición de sentencia sumaria presentada por Aon Risk Solutions of Puerto Rico, Inc. (AON o parte apelada), y desestimó con perjuicio la reclamación presentada en su contra.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 19 de septiembre de 2019, Evertec presentó una "Demanda" contra AON y Mapfre Praico Insurance Company

---

[1] Notificada el 11 de septiembre de 2023.

Número Identificador

SEN2024 _____

(MAPFRE), sobre sentencia declaratoria, incumplimiento de contrato, daños y perjuicios, y actos propios. En esencia, alegó que, como consecuencia del Huracán María, sufrió la pérdida física directa del sistema eléctrico que proveía servicio a las ATMs ("Automated Teller Machines") y los Puntos de Servicio ("Point of Sale Terminals" o "POS") donde reside la data de Evertec, mediante la cual se operan dichos equipos y sistemas. Adujo que, como consecuencia de ello, experimentó una pérdida de ingresos estimada en no menos de $9,682,000.00, la cual está cubierta hasta $5,000,000.00 por la póliza núm. 1600168002026, emitida por MAPFRE. No obstante, arguyó que, esta última se ha negado a proveer la cubierta. A esos efectos, solicitó sentencia declaratoria con el fin de que el tribunal determinase que la pérdida de ingresos estaba cubierta por la póliza.

Por otro lado, Evertec afirmó que, la decisión de obtener una póliza de seguros con MAPFRE fue el producto de las recomendaciones hechas por AON, quien fungió como su agente y corredor de seguros. Sostuvo que, en caso de que el Tribunal determinase que MAPFRE no era responsable, AON debía responder por la pérdida de ingresos, ya que ésta se comprometió a procurar una póliza de acuerdo con las especificaciones y necesidades de Evertec.

Luego de que ambas partes presentasen sus respectivas contestaciones a la "Demanda", el 17 de marzo de 2021, MAPFRE presentó una "Moción de Sentencia Sumaria" y, en síntesis, argumentó que, bajo los términos de la póliza y el Endoso Número SCM 99 506, Evertec no podía reclamar cubierta alguna.

El 13 de abril de 2021, Evertec presentó una "Oposición a 'Moción de Sentencia Sumaria' presentada por MAPFRE y Solicitud de Sentencia Sumaria Parcial a favor de Evertec", y reiteró que la

póliza expedida por MAPFRE cubre la reclamación por pérdida de interrupción de negocios, según se alegó en la "Demanda".

Atendidas las posturas de ambas partes, el 18 de noviembre de 2021,[2] el Tribunal de Primera Instancia emitió una "Sentencia Parcial" mediante la cual declaró No Ha Lugar la "Moción de Sentencia Sumaria" presentada por MAPFRE. Razonó que, tras un análisis de la póliza y el Endoso SCM 99 506, MAPFRE se obligó a responder por la interrupción de negocios de Evertec.

En descontento, MAPFRE recurrió ante este Tribunal de Apelaciones y, mediante "Sentencia" emitida el 31 de marzo de 2022,[3] confirmamos la determinación del foro primario. Posteriormente, el Tribunal Supremo denegó expedir el recurso presentado ante sí.[4] El mandato fue emitido el 3 de junio de 2022.[5]

Advenido el dictamen final y firme, el 7 de julio de 2023, AON presentó una "Moción de Sentencia Sumaria de AON" y, en lo pertinente, solicitó la desestimación con perjuicio de las causas de acción presentadas en su contra, toda vez que éstas son subsidiarias a las alegadas contra MAPFRE, y ya se resolvió que esta última es la responsable por los daños reclamados, conforme los términos de la póliza.

El 21 de agosto de 2023, Evertec presentó su "Oposición a Moción de Sentencia Sumaria de AON", y aseveró que la solicitud presentada por AON resultaba prematura en esta etapa de los procedimientos, puesto que aún no se ha desfilado prueba de los daños reclamados. Indicó que, la responsabilidad de AON no ha sido resuelta, ya que ésta podría responder por aquellos daños que no estén contemplados dentro de los términos de la póliza.

---

[2] Notificada en igual fecha.
[3] Notificada el 4 de abril de 2022.
[4] Véase, "Resolución" emitida el 13 de enero de 2023 en el caso CC-2022-0270; apéndice pág. 1285.
[5] Notificado el 19 de enero de 2022.

Por su parte, el 25 de agosto de 2023, MAPFRE presentó "Oposición de MAPFRE a Moción de Sentencia Sumaria de AON", en la cual adoptó por referencia parte de los planteamientos esbozados por Evertec en su oposición.

En respuesta, el 6 de septiembre de 2023, AON presentó su "Réplica de AON a Oposiciones de Evertec y MAPFRE a Moción de Sentencia Sumaria de AON", y esgrimió que: (1) las causas de acción alegadas en la "Demanda" se activarían "en la alternativa" de que el Tribunal determinase que no hubiese cubierta, asunto que quedó resuelto mediante la "Sentencia Parcial" del 18 de noviembre de 2021; (2) la oposición de Evertec no cumplió con la Regla 36.3 de Procedimiento Civil, *infra*; (3) el argumento de que la solicitud de sentencia sumaria es prematura debido a que AON todavía podría ser responsable por aquellos daños que no estén contemplados dentro de los términos de la póliza debe ser descartado de plano, ya que no formó parte de las alegaciones de la "Demanda"; y (4) aún asumiendo que Evertec hubiese alegado tal argumento, tal reclamación estaría prescrita.

Evaluadas las mociones presentadas, el 8 de septiembre de 2023,[6] el foro *a quo* emitió "Sentencia Parcial" mediante la cual declaró Ha Lugar la "Moción de Sentencia Sumaria de AON", y desestimó con perjuicio la reclamación presentada en contra de la parte apelada.  Concluyó que: (1) las reclamaciones contra AON son "en la alternativa" a las reclamaciones contra MAPFRE, (2) que al determinar que la póliza cubre los daños reclamados, las causas de acción presentadas contra AON no exponen una reclamación que ameriten la concesión de un remedio, y (3) que el argumento de Evertec en cuanto a que la solicitud de sentencia sumaria es prematura se trata de una nueva reclamación que fue omitida en la "Demanda" presentada.

---

[6] Notificada el 11 de septiembre de 2023.

Inconforme, el 26 de septiembre de 2023, Evertec presentó una "Moción de Reconsideración" y, en esencia, enfatizó que, en la medida que el Tribunal determine que algunos daños no están cubiertos por la póliza, AON sería responsable por ellos. A su vez, reafirmó que la desestimación es prematura, hasta tanto se concluya cualquier descubrimiento sobre el alcance de la póliza procurada por AON. Sobre este aspecto, estribó que, las alegaciones de la "Demanda" son suficientes para determinar que se le reclamó a AON por aquellos daños no cubiertos en la póliza.

El 16 de octubre de 2023, Evertec presentó "Moción Suplementando Moción de Reconsideración", y destacó que AON es responsable por los daños reclamados, debido a que incumplió con su deber de proveer una cubierta de interrupción de negocios "blanket" para todo Puerto Rico.

Mediante "Oposición a Moción de Reconsideración y Suplemento presentadas por Evertec", AON negó responsabilidad por los daños reclamados por el apelante, ya que el alcance de la póliza fue adjudicado de forma final y firme. Acorde lo anterior, sostuvo que solo resta que Evertec demuestre los daños por los cuales MAPFRE debe responder. En cuanto a la "Moción Suplementando Moción de Reconsideración", indicó que, como ésta se presentó fuera del término dispuesto para ello, resultaba tardía.

Vistas las posiciones de ambas partes, el 18 de octubre de 2023,[7] el Tribunal de Primera Instancia emitió "Resolución" por la cual declaró No Ha Lugar la "Moción de Reconsideración" presentada por Evertec.

Aún en desacuerdo, Evertec recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

*Primer Error: Erró el TPI al dictar Sentencia Sumaria Parcial a favor de AON, as* [sic] *pesar de existir*

---

[7] Notificada ese mismo día.

*controversias de hechos en cuanto al alcance de los daños cubiertos por la póliza expedida por Mapfre.*

*Segundo Error: Erró el TPI al determinar que, al existir cubierta bajo la póliza expedida por Mapfre, las causas de acción contra AON ya no exponen una reclamación que ameriten la concesión de un remedio.*

*Tercer Error: Erró el TPI al determinar que lo argumentado por Evertec en su Oposición a la Solicitud de Sentencia Sumaria de AON se trata de nuevas reclamaciones que fueron omitidas de la Demanda presentada.*

**II.**

La sentencia sumaria es un mecanismo procesal provisto por nuestro ordenamiento con el fin de propiciar la solución justa, rápida y económica de pleitos que no contengan controversias genuinas de hechos materiales, y en los cuales resulta innecesaria la celebración de un juicio. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 115 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *Rosado Reyes v. Global Healthcare, supra,* a las págs. 808 y 809.

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808. Un hecho material es definido como aquel que "puede afectar el

resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129-130 (2012). Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes". *Íd.*, a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012).

La Regla 36.3(a) de Procedimiento Civil, *supra*, dispone que la moción de sentencia sumaria deberá contener:

> *1. Una exposición breve de las alegaciones de las partes;*
> *2. los asuntos litigiosos o en controversia;*
> *3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *4. una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> *5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *6. el remedio que debe ser concedido.*

Por su parte, quien se opone a la sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que fue notificada. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si ésta no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, *supra*. Además, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). De igual forma, deberá relacionar de forma concisa los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla

36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2); SLG *Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 336 (2021), *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756.

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria. *Const. José Carro v. Mun. Dorado, supra,* a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Nuestro Tribunal Supremo ha expresado que, "el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si en verdad existe una controversia sustancial sobre hechos esenciales y materiales". SLG *Fernández-Bernal v. RAD-MAN et al., supra,* a la pág. 337. No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Nuestro Máximo Foro ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria. *Rosado Reyes v. Global Healthcare, supra,* a la pág. 809. Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de

Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario". *Meléndez González et al. v. M. Cuebas, supra*, a la pág. 118. El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el foro primario, ni adjudicar hechos materiales y esenciales en controversia. *Íd.,* a las págs. 114 y 115. Los criterios a seguir por este tribunal, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018). A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*

### III.

Según revela el tracto procesal, la "Sentencia Parcial" cuya revocación se solicita fue dictada al amparo de la Regla 36 de Procedimiento Civil, *supra.* Por tanto, y de conformidad con lo resuelto por nuestro Tribunal Supremo en el caso de *Roldán Flores v. M. Cuebas et al, supra*, pág. 679, nos compete determinar, de manera inicial, si las partes cumplieron con los requisitos necesarios que dimanan de la regla procesal antes mencionada, de modo que podamos entonces considerar las mociones presentadas. Al examinar la petición de sentencia sumaria presentada por AON

ante el foro primario, juzgamos que ésta cumplió con los requisitos recabados por la Regla 36.3(a) de Procedimiento Civil, *supra*. En su moción incluyó: (1) copia de la carta del 30 de noviembre de 2017, (2) copia de la carta del 19 de diciembre de 2017, (3) copia de la carta del 22 de febrero de 2018, y (4) copia de la carta del 26 de abril de 2018.[8]

Por su parte, el escrito en "Oposición a Moción de Sentencia Sumaria de AON" también se atuvo a los requisitos recogidos en la Regla 36.3 (b) de las de Procedimiento Civil, *supra;* cuestionando los hechos incontrovertidos propuestos por AON mediante la inclusión de: (1) descubrimiento escrito cursado por MAPFRE el 13 de julio de 2023, (2) declaración jurada del señor Joaquín Castrillo Salgado, (3) deposición del señor Rafael Díaz Mercado, (4) "Insurance Specifications Evertec" para el periodo de 2014-2015, (5) deposición de la señora Jocelyn De Arce Rodríguez, (6) deposición de la señora Maricely Colón Ortiz, (7) copia de la cadena de correos electrónicos del 24 al 27 de agosto de 2014, (8) copia de la cadena de correos electrónicos del 27 de agosto de 2014 al 5 de septiembre de 2014, (9) copia del correo electrónico del 15 de septiembre de 2014, (10) copia del correo electrónico del 3 de agosto de 2015, (11) copia del correo electrónico del 11 de septiembre de 2015, (12) "Insurance Specifications Evertec" para el periodo de 2016-2017, (13) copia del correo electrónico del 14 de diciembre de 2016, (14) copia del correo electrónico del 29 de diciembre de 2016, (15) copia del documento titulado "Policy Changes", y (16) copia del documento titulado "Commercial Inland Marine Declaration".

Lo anterior nos habilita para atender propiamente los errores señalados en el recurso de "Apelación", en el cual se arguye que incidió el foro de instancia al desestimar de manera sumaria la

---

[8] Véase, apéndice págs. 1348-1363.

"Demanda" en cuanto a la codemandada AON, puesto que existían controversias de hechos materiales y esenciales que dilucidar, específicamente, sobre el alcance de los daños cubiertos por la póliza expedida por MAPFRE. Dicho esto, procedemos entonces a evaluar si existen o no controversias sobre hechos materiales que impiden la disposición sumaria del caso ante nos.

En su escrito, Evertec alega que, "hasta que el TPI no determine si los daños de Evertec están cubiertos por la Póliza de MAPFRE y no se concluya cualquier descubrimiento sobre el alcance de la póliza procurada por AON, la desestimación de las causas de acción contra AON es prematura".[9] Su contención es que, hasta que no se determine la cuantía de los daños reclamables, las causas de acción contra AON continúan vivas, toda vez que ésta sería responsable como corredor de seguros por cualquier daño no reclamable o excluido por la póliza. No le asiste la razón.

Tras un análisis de la "Demanda", se desprende con meridiana claridad que **las causas de acción presentadas contra AON son subsidiarias a las presentadas contra MAPFRE**. Específicamente, contra la parte apelada se alegó lo siguiente:

> *46. **En caso de que este Honorable Tribunal resuelva que MAPFRE no le es responsable a la parte demandante por las pérdidas de ingreso sufridas por Evertec a causa del huracán María**, como consecuencia de la pérdida física directa del sistema eléctrico que proveía servicio a las ATMs y los POSs donde reside la data de Evertec, **AON es responsable a Evertec por dicha perdida de ingreso** ya que violentó su responsabilidad contractual de procurar las pólizas de seguro correspondientes a las necesidades de Evertec y consistentes con las especificaciones y riesgos inherentes a las operaciones de Evertec.*

> […]

> *50. **En caso de que este Honorable Tribunal resuelva que MAPFRE no le es responsable a la parte demandante por las pérdidas de ingreso***

---

9 Véase, apéndice pág. 13.

*sufridas por Evertec a causa del huracán María debido a que la Póliza no provee cubierta, **AON es responsable a Evertec por dicha perdida de ingreso** ya que debido a su culpa o negligencia, AON incumplió con su deber de cuidado hacia Evertec al no proveer una póliza que cubriera los daños por interrupción de negocio como consecuencia de la pérdida física directa del sistema eléctrico que le proveía servicio a las ATMs y los POSs donde reside la data de Evertec, según representado a Evertec y consistente con las especificaciones y riesgos inherentes a las operaciones de Evertec.*

*51. En la alternativa, a causa de la culpa o negligencia de AON al no procurar para Evertec la póliza de seguros adecuada, Evertec ha sufrido daños por perdida de ingresos de negocio que se estima en no menos de $9,682,000, muy por encima del límite de cubierta de interrupción de negocios de $5,000,000 provisto por el Endoso y la Póliza procurada por AON como agente o corredor de seguros.*

[…]

*56. Tanto AON como MAPFRE mediante sus acciones engendraron en Evertec la creencia de que la pérdida de ingresos de negocios incurrida como resultado del paso del huracán María por Puerto Rico, incluyendo, pero sin limitarse a daños por interrupción de negocio como consecuencia de la pérdida física directa del sistema eléctrico que le proveía servicio a las ATMs y los POSs donde reside la data de Evertec, estaría cubierta bajo la Póliza y el Endoso.*

*57. **En caso de que este Honorable Tribunal resuelva que la Póliza no provee cubierta por las pérdidas de ingreso de negocio a causa del huracán María aquí reclamadas**, ambas demandadas serían responsables bajo la doctrina de actos propios por haber engendrado en Evertec una creencia contraria a la realidad (que la pérdida de ingresos de negocio -incluyendo pero sin limitarse a daños por interrupción de negocio como consecuencia de la pérdida física directa del sistema eléctrico que le proveía servicio a las ATMs y los POSs donde reside la data de Evertec- estaría cubierta por la Póliza) en la cual Evertec confió de buena fe. Debido a dicha confianza en las actuaciones de las demandadas, Evertec actuó bajo la creencia de contar con dicha cubierta y no procuró una póliza de seguros adicional a esos efectos. Esto, ocasionando grandes daños y perjuicio a Evertec de dichas representaciones resultar inorrectas.*

(Énfasis provisto).

Como puede observarse, **la responsabilidad de AON está sujeta a que el tribunal determine que MAPFRE no es responsable por las pérdidas de ingreso sufridas por Evertec**.

Según surge del trámite procesal discutido, **este asunto ya fue resuelto mediante "Sentencia Parcial" emitida el 18 de noviembre de 2021**,[10] **donde se resolvió que**, **en efecto**, **MAPFRE es responsable por los daños reclamados por Evertec**. **Este dictamen es final**, **firme e inapelable**, **por lo que constituye ley del caso**.[11] Ante este desenlace, resulta forzoso concluir que las causas de acción presentadas contra AON no exponen una reclamación que amerite la concesión de un remedio.

La postura de Evertec es a los efectos de que se debe mantener a AON en el pleito, ya que el tribunal solo adjudicó responsabilidad, y no los daños *per se*. Sobre este particular, aduce que, la parte apelada todavía podría serle responsable por aquellos daños no cubiertos por la póliza. Sin embargo, su planteamiento no tiene méritos cuando consideramos que, **ya la responsabilidad por los daños es un asunto que quedó adjudicado**. **Habiéndosele imputado responsabilidad a MAPFRE**, **no existe justificación alguna para mantener a AON en el pleito**, **precisamente porque las causas de acción que se han presentado en su contra se activarían "en la alternativa" o de forma subsidiaria**, **entiéndase**, **solo cuando se determinara que MAPFRE no era el responsable por las pérdidas de ingreso**.

Coincidimos con AON y el Tribunal de Primera Instancia en que, **de las alegaciones de la "Demanda" no surge que se le haya reclamado a la parte apelada por otros daños aparte de las pérdidas de ingreso sufridas por Evertec a causa del huracán María**. **En otras palabras**, **la "Demanda" carece de alegaciones que responsabilicen a AON**, **aun existiendo cubierta bajo la póliza de MAPFRE**. Por ende, no puede ahora Evertec valerse de su "Oposición a Moción de Sentencia Sumaria

---

[10] Notificada en igual fecha.
[11] Así lo reconoció el foro primario en su "Sentencia Parcial". Véase, determinaciones de hecho número 5 y 6; apéndice pág. 1830.

de AON" para incluir nuevas reclamaciones que no incluyó en su "Demanda". *León Torres v. Rivera Lebrón*, 204 DPR 20, 54 (2020). Siendo MAPFRE el responsable de sufragar la pérdida de ingresos, no existe justificación alguna para mantener a AON en el pleito.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, confirmamos la "Sentencia Parcial" apelada, emitida por el Tribunal de Primera Instancia, Sala de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones